ROSA TAYLOR, APPELLEE, v. GARRET VAN NIMWEGEN ET AL., APPELLANTS.

Argued November 10, 1913—Decided February 18, 1914.

1. An indemnity bond to secure to a mortgagee the payment of money to be found due on the foreclosure of a mortgage is within the purview of the act of 1880 relating to bonds and mortgages given for payment of the same indebtedness, and suit on such indemnity bond should be brought within six months after the foreclosure sale.

2. Plaintiff, a complainant in foreclosure, sued on a bond given to her pending the foreclosure, in case the mortgaged premises if sold under the decree should not realize the amount found to be due on the mortgage with interest, taxes and taxed costs. The plaintiff paid certain tax liens pending the foreclosure but the amount of such payment was not included in the decree. Other liens were still unpaid at the time of sale, which was made expressly subject to taxes and liens and encumbrances. Plaintiff (complainant) bid up to the face of the decree and interest and costs. *Held*, that she was not entitled to enforce the indemnity bond for the amount of the tax liens unpaid at the time of the foreclosure sale.

On appeal from Passaic Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the appellee, *Barbour & Van Der Clock.*

For the appellants, *Leonard Van Lenten* and *Addison P. Rosenkrans.*

The opinion of the court was delivered by

PARKER, J. The suit is on an indemity bond made in a foreclosure suit in which the present plaintiff was complainant, and some, but not all, of the defendants were defendants. The plaintiff was the mortgagee and instituted proceedings in the foreclosure looking toward the appointment of a receiver of the rents of the mortgaged premises on the ground that there were taxes and assessments in arrear which were paramount to the mortgage. Vice Chancellor Stevenson was about to appoint a receiver when, by an arrangement between the parties, the present defendants made the bond in question, dated October 7th, 1909, in favor of the plaintiff in the penal sum of $2,000, with this condition:

"That if the above bounden Garret Van Nimwegen, Mary Sellner, John J. Sellner and Elizabeth Van Dungen and Crine Van Dungen, their heirs, executors, administrators, shall well and truly pay or cause to be paid unto the above-named Rosa Taylor, her executors, administrators or assigns, the amount found to be due this complainant by the defendants herein in case the property, if sold at sheriff's sale, shall not realize the amount found to be due upon the complainant's mortgage with interest, taxes and taxed costs pursuant to a certain order advised by his honor, Eugene Stevenson, dated September 26th, 1909, without any fraud or other delay, then the above obligation to be void, otherwise to remain in full force and virtue."

There is no question about the consideration of the bond, which in fact was the forbearance by the plaintiff to press for

and obtain, as she undoubtedly would have obtained, the appointment of a receiver.

The foreclosure proceeded to a final decree and sale, on November 11th, 1910, the complainant bidding it in, and thereafter the complainant and present plaintiff instituted this suit on the bond, which was tried before Judge Black without a jury, and resulted in a finding by him in favor of the plaintiff for $934.50. This amount was made up as follows:

1. The decree, with interest, costs and
sheriff's fees, was.................... $2,886.85
   Complainant's bid was............. 2,848.37

      Deficiency on sale..........      $38.48
2. Prior to the foreclosure the property had been sold for taxes and assessments, and on July 28th, 1909, before or just after filing her bill the mortgagee redeemed it. The trial court disallowed assessments but allowed redeemed taxes of....................      443.07
3. April 2d, 1910, defendant Van Nimwegen bought in at a tax sale, and on November 28th, 1910, after the foreclosure sale, the mortgagee took an assignment of the tax certificate and the court allowed on this...............      210.00
4. There were also unpaid taxes of 1907, 1908, 1909 included in the judgment ...........................      219.95
5. Besides interest ...............      23.00

                          $934.50

So far as relates to the deficiency of $38.48, we consider that the plaintiff was barred of a recovery by the provisions of the act of 1880, page 255 (*Comp. Stat., p.* 3420 *et seq.*), and especially section 2, which provides that where a bond and

mortgage have been given for the same debt, all proceedings to collect the debt shall be first to foreclose the mortgage, and if there be a deficiency at the sale, then the mortgagee may proceed on the bond, but that such suit must be brought within six months after the sale. As more than six months had elapsed from the date of the sale before the present action was begun, the recovery is barred, if the case be within the statute, as we think it is. It is true that the suit is not on the same bond that accompanied the mortgage in the first instance; but in *Van Aken* v. *Tice*, 60 *N. J. L.* 377, and *Knight* v. *Cape May Sand Co.*, 83 *Id.* 597, it is held that it is the identity of the debt rather than that of the instrument representing it that supplies the test whether the statute applies. In both of these cases suit was on a different bond. But that circumstance did not affect the result. So far, therefore, as relates to the $38.48, there was error in the rendition of the judgment.

There was also error in the inclusion of the third and fourth items, both of which were tax liens outstanding at the time of the foreclosure sale. That sale, as appears in the case, was made expressly "subject to taxes and liens and encumbrances." Consequently, a purchaser took the property with its burdens and all bids were for the property as it stood. If it had been sold to a stranger, he would have had these liens to pay off afterwards. If it had been sold to the defendants (and they bid $2,800), they would have been in the same situation. Necessarily, the successful bid of complainant stood on no different footing, and she said by her bid that she proposed to take the property for the amount she named subject to its encumbrances, so that, in reality, her bid was the named figure plus the encumbrances for a property free and clear. She thus satisfied any claim that she might have for these items upon the bond.

This leaves only the second and fifth items. The fifth, being for interest, is, of course, controlled by the amount of principal, if any. The second item is for money paid by complainant before or pending foreclosure in redeeming the prop-

erty from a prior tax sale. This, we think, was properly allowed by the trial court. It was fairly within the spirit of the bond, if not within its letter, and the parties evidently knew when the bond was made that this money had been paid by the complainant and ought to be secured to her. The case is silent on the question whether, by the terms of the mortgage, the mortgagee was authorized to pay taxes in arrear, add them to the principal sum, and include them in the decree. The making of the bond would seem to indicate that the mortgage contained no such provision. But, irrespective of this, it is plain that this tax lien had been wiped out, and that any purchaser at the foreclosure sale would take free from it. Consequently, it formed no part of the calculation that an intending purchaser must make, and was not affected by the amount of the bid. If there had been a surplus, that surplus would have gone to the owners of the equity and would not have been applicable to this item.

We conclude, then, that while item 2 was properly allowed, the others were not, and to correct this error there must be a reversal and a new trial.